# Matter of A-B-, Respondent

*Decided by Attorney General March 30, 2018*

U.S. Department of Justice
Office of the Attorney General

The Attorney General denied the request of the Department of Homeland Security that the Attorney General suspend the briefing schedules and clarify the question presented, and he granted, in part, both parties' request for an extension of the deadline for submitting briefs in this case.

## BEFORE THE ATTORNEY GENERAL

On March 7, 2018, pursuant to 8 C.F.R. § 1003.1(h)(1)(i) (2017), I directed the Board of Immigration Appeals ("Board") to refer its decision in this case to me for review. To assist in my review, I invited the parties to submit briefs not exceeding 15,000 words in length and interested amici to submit briefs not exceeding 9,000 words in length. I directed that the parties file briefs on or before April 6, 2018, that amici file briefs on or before April 13, 2018, and that the parties file any reply briefs on or before April 20, 2018.

On March 14, 2018, the respondent filed a request for an extension of the deadline for submitting briefs from April 6, 2018, to May 18, 2018. On March 16, 2018, the Department of Homeland Security ("DHS") submitted a motion containing three requests: (1) that I suspend the briefing schedules to permit the Board to rule on the Immigration Judge's August 18, 2017, certification order; (2) that I clarify the question presented in this case; and (3) that I extend the deadline for submitting opening briefs to May 18, 2018. The respondent subsequently filed a response requesting that I grant the same relief.

This Order addresses all pending requests from the parties.

## I. DHS's Request To Suspend the Briefing Schedules

DHS's request to suspend the briefing schedules until the Board acts on the Immigration Judge's certification request is denied. DHS suggests that this case "does not appear to be in the best posture for the Attorney General's review," because the Board has not yet acted on the Immigration Judge's attempt, on remand from the Board, to certify the case back to the Board. *See* DHS's Mot. on Cert. to the Att'y Gen. at 2 (citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954)).

The certification from the Immigration Judge pending before the Board does not require the suspension of briefing because the case is not properly pending before the Board. The Immigration Judge did not act within his authority, as delineated by the controlling regulations, when he purported to certify the matter. The Immigration Judge noted in his order that an "Immigration Judge may certify to the [Board] any case arising from a *decision* rendered in removal proceedings." Order of Certification at 4, (Aug. 18, 2017) (emphasis added) (citing 8 C.F.R. § 1003.1(b)(3), (c)). The regulations also provide that an "Immigration Judge or Service officer may certify a case only after an initial decision has been made and before an appeal has been taken." 8 C.F.R. § 1003.7 (2017).

Here, the Immigration Judge did not issue any "decision" on remand that he could certify to the Board. The Board's December 2016 decision sustained the respondent's appeal of the Immigration Judge's initial decision and remanded the case to the Immigration Judge "for the purpose of allowing [DHS] the opportunity to complete or update identity, law enforcement, or security investigations or examinations, and further proceedings, if necessary, and for the entry of an order as provided by 8 C.F.R. § 1003.47(h)." *Matter of A-B-* at 4 (BIA Dec. 8, 2016). Under 8 C.F.R. § 1003.47(h) (2017), the Immigration Judge on remand was directed to "enter an order granting or denying the immigration relief sought" after considering the "results of the identity, law enforcement, or security investigations." "If new information is presented, the immigration judge may hold a further hearing if necessary to consider any legal or factual issues . . . ." *Id.*

In this matter, DHS informed the Immigration Judge that the respondent's background checks were clear. *See* Order of Certification at 1. Given the scope of the Board's remand and the requirements of the regulations, the Immigration Judge was obliged to issue a decision granting or denying the relief sought. If the Immigration Judge thought intervening changes in the law directed a different outcome, he may have had the authority to hold a hearing, consider those legal issues, and make a decision on those issues. *Cf.* 8 C.F.R. § 1003.47(h). Instead, the Immigration Judge sought to "certify" the Board's decision back to the Board, essentially requesting that the Board reconsider its legal and factual findings. That procedural maneuver does not fall within the scope of the Immigration Judge's authority upon remand. Nor does it fall within the regulations' requirements that cases may be certified when they arise from "[d]ecisions of Immigration Judges in removal proceedings," *id.* § 1003.1(b)(3); *see also id.* § 1003.1(c), and that an Immigration Judge "may certify a case only after an initial decision has been made and before an appeal has been taken," *id.* § 1003.7. Because the Immigration Judge failed to issue a decision on remand, the Immigration Judge's attempt to certify the case back to the Board was procedurally

defective and therefore does not affect my consideration of the December 16, 2016, Board decision.

Furthermore, the present case is distinguishable from *Accardi*, because, here, the Board rendered a decision on the merits, consistent with the applicable regulations. It is that December 8, 2016, decision that I directed the Board to refer to me for my review. *See Matter of A-B-*, 27 I&N Dec. 227, 227 (A.G. 2018) (directing the Board "to refer this case to me for review of *its decision*" (emphasis added)). The Board issued that decision "exercis[ing] its own judgment" and free from any perception of interference from the Attorney General. *Accardi*, 347 U.S. at 266. My certification of that decision for review complies with all applicable regulations. *See* 8 C.F.R. § 1003.1(h)(1)(i) ("The Board shall refer to the Attorney General for review of *its decision all cases* that . . . [t]he Attorney General directs Board to refer to him." (emphasis added)). It is therefore unnecessary to suspend the briefing schedule pending a new decision of the Board.

## II. DHS's Request To Clarify the Question Presented

I deny DHS's request to clarify the question presented. In my March 7, 2018, order, I requested briefing on "[w]hether, and under what circumstances, being a victim of private criminal activity constitutes a cognizable 'particular social group' for purposes of an application for asylum or withholding of removal." *Matter of A-B-*, 27 I&N Dec. at 227. Although "there is no entitlement to briefing when a matter is certified for Attorney General review," *Matter of Silva-Trevino*, A.G. Order No. 3034-2009 (Jan. 15, 2009), I nevertheless invited the parties and interested amici "to submit briefs on points relevant to the disposition of this case" to assist my review. *Matter of A-B-*, 27 I&N Dec. at 227. As the Immigration Judge observed in his effort to certify the case, several Federal Article III courts have recently questioned whether victims of private violence may qualify for asylum under section 208(b)(1)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1158(b)(1)(B)(i) (2012), based on their claim that they were persecuted because of their membership in a particular social group. If being a victim of private criminal activity qualifies a petitioner as a member of a cognizable "particular social group," under the statute, the briefs should identify such situations. If such situations do not exist, the briefs should explain why not.

DHS requests clarification on the ground that "this question has already been answered, at least in part, by the Board and its prior precedent." Board precedent, however, does not bind my ultimate decision in this matter. *See* section 103(a)(1) of the Act, 8 U.S.C. § 1103(a)(1) (2012) (providing that "determination and ruling by the Attorney General with respect to all

questions of law shall be controlling").  The parties and interested amici may brief any relevant issues in this case—including the interplay between any relevant Board precedent and the question presented—but I encourage them to answer the legal question presented.

### III.  The Parties' Requests for an Extension of the Deadline for Submitting Briefs

I grant, in part, both parties' request for an extension of the deadline for submitting briefs in this case.  The parties' briefs shall be filed on or before April 20, 2018.  Briefs from interested amici shall be filed on or before April 27, 2018.  Reply briefs from the parties shall be filed on or before May 4, 2018.  No further requests for extensions of the deadlines from the parties or interested amici shall be granted.

In support of respondent's request for an extension, she asserted that "an extension of the briefing deadline is warranted because [r]espondent intends to submit additional evidence with her brief in support of her claim," including the possibility that she might obtain new evidence from El Salvador.  Resp't Request for Extension of Briefing Deadline at 4 (Mar. 14, 2018).  Although I retain "full decision-making authority under the immigration statutes," *Matter of A-H-*, 23 I&N Dec. 774, 779 n.4 (A.G. 2005), I requested briefing on a purely legal question to assist my review of this case, and I encourage the parties to focus their briefing on that question.  Further factual development may be appropriate in the event the case is remanded, but the opportunity to gather additional factual evidence is not a basis for my decision to extend the briefing deadline.